NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANTHONY SCAFFIDI, | : |
| | : |
| | : Civil Case No. 06-cv-03786 (FSH) |
| Appellant, | : Civil Case No. 06-cv-03787 (FSH) |
| | : |
| v. | : **OPINION** |
| | : |
| KAREN DESOTO, | : Date: July 25, 2007 |
| | : |
| Appellee. | : |

**HOCHBERG, District Judge**.

This matter is before the Court upon Appellant's appeals from the Bankruptcy Court, and subsequent briefing by both parties. The Court issues this opinion having considered the parties' written submissions pursuant to Fed. R. Civ. P. 78.

I.  **Facts and Procedural History**

Debtor-appellee Karen DeSoto ("DeSoto") filed a voluntary Chapter 7 Bankruptcy petition on June 14, 2005. At the time of the filing, creditor-appellant Anthony Scaffidi ("Scaffidi"), who had been romantically involved with DeSoto several years prior, was prosecuting a legal malpractice claim against DeSoto in New Jersey state court. Scaffidi's state court suit alleged that DeSoto had abused her position as attorney and girlfriend to "significant assets" from him.

As a result of the suit, Scaffidi was listed on DeSoto's bankruptcy petition as a contingent, unliquidated and disputed creditor. Scaffidi's attorney, Christina Thomas

("Thomas"), was notified of DeSoto's petition on the day it was filed, which was also the second day of a trial in the state court suit. The New Jersey state court judge presiding over the trial subsequently stayed the proceedings pursuant to DeSoto's bankruptcy petition.

Scaffidi then retained Yablonsky & Associates ("Yablonsky") as bankruptcy counsel. Yablonsky, on behalf of Scaffidi, applied for relief from the stay on June 17, 2005; on the same day, Thomas filed a "Letter Brief in Further Support of Request for Emergent Relief from Automatic Stay," which listed 11 U.S.C. §523 as grounds for nondischargability of the complaint. At a June 24, 2005 hearing on the motion, Yablonsky and Thomas were advised by Bankruptcy Judge Donald Steckroth that the nondischargeability of a debt is a separate issue from the appropriateness of stay relief, and that the correct procedure for bringing a nondischargeability action is the filing of an adversary complaint. The Bankruptcy Court entered an order denying the motion to lift the stay on the same day.

The Chapter 7 Trustee for the matter held a Section 341 meeting (a meeting of creditors mandated by the Bankruptcy Code) on July 27, 2005, at which Thomas was present on behalf of Scaffidi. Pursuant to Bankruptcy Rule 4007(c), the deadline for the filing of nondischargeability actions was set for September 26, 2005, 60 days after the Section 341 meeting. On December 20, 2005, almost 90 days after the deadline, attorney Steven Hershkowitz ("Hershkowitz"), new bankruptcy counsel for Scaffidi, filed an adversary complaint on behalf of Scaffidi, alleging the nondischargeability of DeSoto's debt pursuant to 11 U.S.C. §§523(a)(2) and (a)(4). DeSoto subsequently moved to dismiss the complaint as untimely. Scaffidi filed an opposition to the motion to dismiss, along with a cross-motion arguing that DeSoto's bankruptcy petition should

be dismissed as a bad-faith filing. In the alternative, Scaffidi's cross-motion sought relief from the automatic stay.

A hearing on the matter was held before the Bankruptcy Court on February 28, 2006. The Bankruptcy Court granted Scaffidi leave to file an additional letter-brief to address new issues, which Scaffidi thereafter filed on March 3, 2006. On March 21, 2006, the Bankruptcy Court issued an opinion and order granting DeSoto's motion to dismiss the adversary complaint. In a separate opinion dated April 20, 2006, the Bankruptcy Court ruled on Scaffidi's cross-motion. The Bankruptcy Court denied Scaffidi's motion to dismiss DeSoto's bankruptcy petition as a bad-faith filing, but granted Scaffidi's alternative request for relief from the automatic stay. Scaffidi's subsequent motion for reconsideration was also denied. As such, Scaffidi now brings before this Court appeals of both the March 21, 2006 and the April 20, 2006 decisions.

II.     Discussion

   A.     Standard of Review

A district court may disturb a bankruptcy court's factual findings only if they are clearly erroneous. *See* Fed. R. Bankr. P. 8013*; In re Sharon Steel Corp.*, 871 F.2d 1217, 1222 (3d. Cir. 1989). A factual finding is clearly erroneous if it is either "completely devoid of minimum evidentiary support displaying some hue of credibility or . . . bears no rational relationship to the supportive evidentiary data." *Krasnov v. Dinan*, 465 F.2d 1298, 1302 (3d. Cir.1972).

Legal conclusions of the bankruptcy court, however, are subject to plenary review by the district court. *See* Fed. R. Bankr. P. 8013; *In re DeSeno*, 17 F.3d 642, 643 (3d. Cir. 1994); *J.P. Fyfe, Inc. v. Bradco Supply Corp.*, 891 F.2d 66, 69 (3d. Cir. 1989). Where mixed questions of

law and fact are presented, the district court must apply the appropriate standard to each component.  *See In re Sharon Steel Corp.*, 871 F.2d at 1222.

The district court must give conclusive effect to exercises of discretion by the bankruptcy court unless such an exercise constitutes an abuse of discretion.  *See In re Vertientes, Ltd.*, 845 F.2d 57, 59 (3d. Cir. 1988).  "An abuse of discretion involves 'a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact.'"  *Valenti v. Mitchel*, 962 F.2d 288, 299 (3d Cir. 1992) (*quoting International Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987)).

    **B.**    **Whether the Bankruptcy Court's Dismissal of the Complaint as Untimely was an Abuse of Discretion.**

Scaffidi argues on appeal that the Bankruptcy Court abused its discretion in granting DeSoto's motion to dismiss his adversary complaint as untimely.  Scaffidi does not dispute that his adversary complaint was filed after the deadline; instead, he contends that the complaint, filed on December 20, 2005, should relate back to his request for stay relief filed June 17, 2005.  Scaffidi cites *In re Little*, 220 B.R. 13 (Bankr. D.N.J. 1998) and *Pfeiffer v. Rand (In re Rand)*, 144 B.R. 253 (Bankr. S.D.N.Y. 1992) in support of his relation-back theory.  In both of these cases, the court construed an untimely adversary complaint for nondischargeability as relating back to the date of a prior pleading.  Scaffidi alleges that the Bankruptcy Court ignored this precedent in granting DeSoto's motion to dismiss.

In its decision granting the motion to dismiss the adversary complaint, the Bankruptcy Court noted that Bankruptcy Procedure requires that such a complaint be filed within 60 days of the Section 341 meeting in order to further the administration of the estate and to provide the

debtor with final and certain relief from financial trouble.  *See* Fed. R. Bankr. P. 4007(c); *see also Cartage Pac., Inc. v. Waldner (In re Waldner)*, 183 B.R. 879, 881 (B.A.P. 9th Cir. 1995).  Because of this policy, the Bankruptcy Court noted that deadlines for filing claims should be interpreted strictly.  *See In re Weinstein*, 234 B.R. 862, 866 (Bankr. E.D.N.Y. 1999).

The Bankruptcy Court found Scaffidi's "relation back" theory tenuous, because Scaffidi's initial filings were for relief from the bankruptcy stay, which concerns an issue distinct from nondischargeability.  The Bankruptcy Court determined that the letter filed by Thomas did allege facts that might make out a claim for nondischargeability, but did directly not allege nondischargeability.  Additionally, the Bankruptcy Court noted that even if the motion for stay relief could be construed as an adversary complaint for nondischargeability, there was no justification for Scaffidi's failure to file a formal adversary complaint until 180 days after the initial motion; Scaffidi did not even request an extension of the deadline "for cause."

The Bankruptcy Court found the cases cited by Scaffidi to be distinguishable from the facts at bar.  In *Little*, the court allowed an untimely adversary complaint to relate back to a prior pleading, because the prior pleading, though deficient in form, had sought nondischargeability relief.  220 B.R. at 16-17.  Here, however, both of the prior pleadings filed on behalf of Scaffidi addressed only stay relief, not nondischargeability.  *Rand* involved a *pro se* creditor who had sent a letter to the court objecting to discharge, and filed an adversary complaint a few days after the deadline.  144 B.R. at 255.  Here, Scaffidi filed no papers relating to nondischargeability before the deadline, delayed almost 90 days after the deadline to file a complaint, and has been represented by multiple counsel.

The factual findings of the Bankruptcy Court concerning this issue are not substantially in dispute. This Court finds that the Bankruptcy Court committed no legal error by interpreting the claim filing deadline in Rule 4007(c) of Federal Bankruptcy Procedure strictly. Neither was the Bankruptcy Court's application of law to fact improper; the Bankruptcy Court stated the law, aptly distinguished contrary authority, and rested its conclusions on sound precedent. This Court therefore finds that the Bankruptcy Court did not abuse its discretion by concluding that the untimely-filed adversary complaint for nondischargeability did not relate back to the date of the request for stay relief filed before the deadline.[1]

### C. Whether the Bankruptcy Court's Refusal to Dismiss the Debtor's Bankruptcy Petition as a Bad-Faith Filing was an Abuse of Discretion.

Scaffidi alleges that DeSoto's Bankruptcy petition should have been dismissed as a bad-faith filing, because DeSoto only filed the petition as a final effort to keep Scaffidi from collecting on the judgment debt he would be owed. The Bankruptcy Code allows a court to dismiss a petition "for cause." 11 U.S.C. §707(a). Courts have held that bad-faith filings may be dismissed "for cause" pursuant to §707(a). *See Tamecki v. Frank (In re Tamecki)*, 229 F.3d 205, 207 (3d Cir. 2000); *In re Marks*, 174 B.R. 37, 40 (E.D. Pa. 1994). Normally the party who moves for dismissal "for cause" has the burden of proof, but if that party moves for dismissal of a petition made in bad faith, then the debtor has the burden of showing that the filing was made in good faith. *Tamecki,* 229 F.3d at 207. The decision to dismiss for bad faith is in the discretion

---

[1] Scaffidi also alleges that the Bankruptcy Court should have applied the Rooker-Feldman doctrine, which would bind it to the factual findings made previously by the state court when it ordered the continuance of a temporary injunction. As Scaffidi failed to raise this argument before the Bankruptcy Court, it will not be addressed here.

of the bankruptcy judge, who must balance the equities and determine whether the debtor "has abused the provisions, purpose, or spirit of bankruptcy law." *Id.* An application to dismiss for bad faith should be narrowly construed, and is seldom granted but for cases of egregious conduct akin to fraud. *See Webber v. Giarratano (In re Giarratano)*, 299 B.R. 328, 339 (Bankr. D. Del. 2003).

The Bankruptcy Court held that DeSoto had satisfied her burden of demonstrating that the petition was filed in good faith, and noted that the allegations of the motion and opposition papers essentially amounted to "he said, she said": Scaffidi asserted that the timing of the petition shows that it was executed merely to keep Scaffidi from proceeding to judgment in the state court litigation, but DeSoto asserted that the petition was filed to obtain relief from increasing attorneys' fees in that litigation. The Bankruptcy Court expressed some concern over the timing of the petition, but ultimately concluded there was nothing in the record to indicate that the timing was merely for the purpose of obtaining a tactical advantage in the state court litigation.

As to the legitimacy of DeSoto's status as debtor, the court noted that DeSoto's petition had listed $130,000 of unsecured debt, in addition to whatever she might owe Scaffidi. The Bankruptcy Court also noted that DeSoto's alleged prior bad acts were not the focus of the inquiry for a bad-faith dismissal; rather, the inquiry is confined to her conduct in bringing the petition. Finally, the Bankruptcy Court noted that the amount of resources invested in DeSoto's bankruptcy case by the trustee militated against dismissal, in the interests of protecting DeSoto and her creditors.

Scaffidi argues that the Bankruptcy Court should have noticed certain inconsistencies in DeSoto's petition. Specifically, Scaffidi alleges that DeSoto's claim that she had significant

debts because of legal fees is inconsistent with the Bankruptcy Court's ruling that Scaffidi could proceed against her nominally to recover from her liability insurer, because DeSoto would not have to pay legal costs in such an action.[2] This argument is without merit; the legal debts listed in DeSoto's petition were for costs already incurred, not for costs going forward, and proceedings against DeSoto's liability insurer would not alter or diminish that prior debt.

On appeal, Scaffidi again alleges the same prior bad conduct by DeSoto as grounds for a bad-faith dismissal. The Bankruptcy Court correctly held, and this Court affirms, that the debtor's conduct <u>prior</u> to the filing of a petition is not the focus of the inquiry. As for DeSoto's conduct concerning the petition, the Bankruptcy Court found that there was no evidence to support the contention that DeSoto's petition was filed solely to obtain a tactical advantage in state court litigation; DeSoto was a legitimate debtor with unsecured debt in excess of $130,000. This factual finding is not clearly erroneous, since it does not lack minimum evidentiary support and bears a rational relationship to the evidentiary data.[3] *See Krasnov*, 465 F.2d at 1302. This Court will therefore not disturb it.

Dismissals of Bankruptcy petitions for bad faith should be narrowly construed and reserved for cases of egregious conduct. This Court holds that the Bankruptcy Court did not abuse its discretion in refusing to dismiss DeSoto's petition as a bad-faith filing.

---

[2] Scaffidi does not otherwise address the validity of DeSoto's $130,000 of unsecured debt, exclusive of his claim against her.

[3] On appeal, Scaffidi argues that DeSoto's failure to initially disclose certain assets (jewelry and furs) given her by Scaffidi is evidence of bad faith. DeSoto allegedly later disclosed these assets at the instigation of Ms. Thomas, Scaffidi's attorney, and explained the late disclosure by saying she had forgotten about them. This argument was not made below before the Bankruptcy Court, and therefore this Court will not consider it in deciding whether the Bankruptcy Court abused its discretion in refusing to dismiss for bad faith.

**III.     Conclusion**

For the foregoing reasons, this Court finds that the Bankruptcy Court did not incorrectly state the law or abuse its discretion when it held that the appellant's adversary complaint did not relate back to the date of the prior filing for stay relief.  Similarly, this Court holds that the Bankruptcy Court's did not abuse its discretion by not dismissing the appellee's bankruptcy petition as a bad-faith filing.  Accordingly, this Court affirms the decision of the Bankruptcy Court.  An appropriate order will issue.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.